# IN THE SUPREME COURT OF THE STATE OF NEVADA

MEDALLIC ART LIMITED PARTNERSHIP, A REVOKED NEVADA LIMITED PARTNERSHIP; MEDALLIC ART CORPORATION, A NEVADA CORPORATION; MEDALLIC ART COMPANY, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND ROSS HANSEN, INDIVIDUALLY, AND D/B/A NORTHWEST TERRITORIAL MINT, LLC, MEDALLIC ART LIMITED PARTNERSHIP, MEDALLIC ART CORPORATION AND MEDALLIC ART COMPANY, LLC,
Appellants,
vs.
ROBERT HOFF; AND CONNIE HOFF, HUSBAND AND WIFE,
Respondents.

No. 68776

FILED

JUN 2 0 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER VACATING AND REMANDING

This is an appeal from a post-judgment order awarding attorney fees in a contract action. Third Judicial District Court, Lyon County; Leon Aberasturi, Judge.

The district court awarded attorney fees to respondents under Section 31 of the Lease Agreement, which authorizes an award of fees to a "Prevailing Party," defined as "a Party who substantially obtains or defeats the relief sought." The district court found that respondents substantially obtained the relief they had sought at trial because they obtained a judgment (1) enjoining appellants from bringing certain hazardous substances onto the premises, (2) requiring appellants to pay a tax penalty, (3) requiring appellants to provide respondents with notice that appellants have retained contractors for HVAC maintenance and fire certification, and (4) requiring appellants to pay a security deposit.

16-19149

On appeal, appellants contend that the district court *did not* (1) enjoin appellants from bringing hazardous substances onto the premises to be used in conducting electroplating operations, and (2) *did not* award respondents damages for roof repairs. According to appellants, because those two trial successes were more "substantial" than respondents' trial successes, the district court abused its discretion in determining respondents were the "Prevailing Party." *See Las Vegas Metro. Police Dep't v. Blackjack Bonding, Inc.*, 131 Nev., Adv. Op. 10, 343 P.3d 608, 614 (2015) (reviewing an award of attorney fees for an abuse of discretion). Having considered the parties' arguments and the record, we agree preliminarily with appellants' stance, as we are unable to determine from the district court's November 19, 2014, order why the district court did not give credence to appellants' two trial successes. In particular, whereas the November 19, 2014, order downplays the significance of appellants' first trial success, the district court's April 1, 2014, post-trial order suggests that the electroplating issue was one of the primary disputes between the parties. Similarly, although the November 19, 2014, order alludes to appellants' success on the roof-repair issue, the order does not attempt to quantify the significance of that issue.[1]

Accordingly, based on the current record, we are unable to conclude that the district court was within its discretion in determining

---

[1]In this regard, it is unclear why the roof-repair issue was afforded the same weight as other issues for purposes of the district court's tally of "areas" and "claims" won by each side. Moreover, some of the "areas" appear to be duplicative of one another, and respondents appear to have been given full credit for at least one area and claim where both sides partially prevailed. For these reasons and others, the district court's tally of areas and claims won by each side does not provide a justifiable basis for affirming the November 19, 2014, order.

that respondents were the "Prevailing Party" under Section 31.[2] *See id.* (recognizing that an abuse of discretion can occur "when the district court bases its decision on a clearly erroneous factual determination"). We therefore vacate the district court's November 19, 2014, order that determined respondents were entitled to attorney fees, and we necessarily vacate the district court's July 30, 2015, order awarding attorney fees to respondents.[3] We remand this matter with instructions for the district court to consider and explain how appellants' two trial successes factor into the determination of who is entitled to attorney fees under Section 31.[4]

It is so ORDERED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:    Hon. Leon Aberasturi, District Judge
       Leverty & Associates Law, Chtd.
       Oshinski & Forsberg, Ltd.
       Third District Court Clerk

---

[2]Because neither side has raised the issue on appeal, we do not address whether Section 31 contemplates a situation in which there could be more than one "Prevailing Party."

[3]In light of this disposition, we decline to consider appellants' other arguments as to why the award should be vacated, modified, or reduced.

[4]The fact that this disposition did not expressly address appellants' other trial successes should not be construed as prohibiting the district court from considering those successes on remand.